IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| v. | |
| SERENA JOSEPH, | Case No. 3:20-cr-00011-SLG-MMS |
| Defendant. | |

## ORDER ON MOTION FOR RECONSIDERATION

Before the Court at Docket 307 is Defendant Serena Joseph's Motion for Reconsideration Re Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3552(c)(1)(A)(i) (Compassionate Release). Ms. Joseph seeks reconsideration of the Court's order at Docket 306, which denied the motion for a sentence reduction because Ms. Joseph had not exhausted her administrative remedies, as required by 18 U.S.C. § 3582(c)(1)(A), as she made her request for release "to the warden of her previous institution, FCI Dublin, not to the warden at her current facility" and she raised concerns with her current conditions of confinement, which should first be raised with the warden of FCI Aliceville.[1]

On January 9, 2023, this Court sentenced Ms. Joseph to 63 months' imprisonment after she pled guilty to drug conspiracy and money laundering.[2] Ms.

---

[1] Docket 306 at 4.

[2] Docket 165 at 1-2.

Joseph is currently in Bureau of Prisons custody and incarcerated at FCI Aliceville; her projected release date is August 11, 2026.[3] In her motion for compassionate release at Docket 293, Ms. Joseph sought release based on the abusive and neglectful conditions that she was subjected to at FCI Dublin before its abrupt closure and her transfer to FCI Aliceville in April 2024, as well as a lack of medical care and programming and staff shortages at her current institution.[4]

Ms. Joseph contends that reconsideration is warranted under Local Rule 7.3(h), which provides that "a court ordinarily will deny a motion for reconsideration absent a showing of [a] . . . (B) discovery of new material facts not previously available . . . ."[5] She explains that, at the time her motion for compassionate release was filed, counsel did not have the request for release that Ms. Joseph sent to the warden of FCI Aliceville; after counsel was made aware of the issue by the Court's order, Ms. Joseph filed her request.[6] Ms. Joseph therefore asks the Court to consider her motion for compassionate release at Docket 293 on the merits.[7]

---

[3] Fed. Bureau of Prisons, Inmate Locator (available at www.bop.gov/inmateloc/) (last accessed Dec. 12, 2024).

[4] Docket 293 at 1-2.

[5] Alaska L.Civ.R. 7.3(h)(1).

[6] Docket 307 at 2 & n.1.

[7] Docket 307 at 1.

Case No. 3:20-cr-00011-SLG-MMS, *United States v. Joseph*
Order Re Motion for Reconsideration
Page 2 of 6
Case 3:20-cr-00011-SLG-MMS    Document 308    Filed 12/16/24    Page 2 of 6

The Court grants Ms. Joseph's motion for reconsideration; however, for the reasons below, the Court denies her motion for compassionate release.

I. **Applicable Law**

The First Step Act of 2018, enacted on December 21, 2018, amended 18 U.S.C. § 3582(c)(1)(A) to allow federal inmates to move the district court for a sentence reduction after exhausting their administrative rights.[8] If an inmate has exhausted his administrative rights, a district court must consider the motion on the merits. To reduce a sentence on the merits, a court must find that "extraordinary and compelling reasons," as set forth in the applicable policy statements issued by the Sentencing Commission, and the applicable factors set forth in 18 U.S.C. § 3553(a) warrant a sentence reduction.[9]

Following a November 1, 2023, amendment to the Sentencing Guidelines, the policy statement at U.S.S.G. § 1B1.13, "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)," applies to both BOP-filed and defendant-filed compassionate release motions.[10] The Sentencing Guidelines provide a catchall provision for "other reasons" that might constitute an extraordinary or compelling reason warranting a sentence reduction, and a court may consider "any other

---

[8] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Prior to this amendment, only the Director of the Bureau of Prisons could bring a motion to reduce an inmate's sentence.

[9] 18 U.S.C. § 3582(c).

[10] *See* U.S. Sent'g Guidelines Manual § 1B1.13(a) (U.S. Sent'g Comm'n 2023).

Case No. 3:20-cr-00011-SLG-MMS, *United States v. Joseph*
Order Re Motion for Reconsideration
Page 3 of 6
Case 3:20-cr-00011-SLG-MMS    Document 308    Filed 12/16/24    Page 3 of 6

circumstance or combination of circumstances that, when considered by themselves or together" "are similar in gravity" to the enumerated reasons.[11]

## II. Exhaustion of Administrative Rights

Section 3582(c)(1)(A) provides that a court "may reduce the term of imprisonment" "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[12]

Ms. Joseph provides as an exhibit her request to the warden of FCI Aliceville made on April 29, 2024.[13] The request sought compassionate release based on Ms. Joseph's experience at FCI Dublin and during her transfer to FCI Aliceville. The request also stated that Ms. Joseph does not feel safe in Bureau of Prisons custody.[14] The Court finds that Ms. Joseph has exhausted her administrative remedies, and the Court will consider Mr. Joseph's motion on the merits.

## III. Extraordinary and Compelling Reasons

Ms. Joseph's motion details the egregious conditions at FCI Dublin where she was previously incarcerated.[15] It also describes that FCI Dublin was abruptly

---

[11] *Id.* § 1B1.13(b)(5).

[12] *See United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021).

[13] Docket 307 at 5.

[14] Docket 307 at 5.

[15] Docket 293 at 2-4.

Case No. 3:20-cr-00011-SLG-MMS, *United States v. Joseph*
Order Re Motion for Reconsideration
Page 4 of 6
Case 3:20-cr-00011-SLG-MMS   Document 308   Filed 12/16/24   Page 4 of 6

closed, that Ms. Joseph was transferred to FCI Aliceville, and that during her transfer she was subjected to inhumane conditions.[16] Ms. Joseph also represents that, at FCI Aliceville, there is a staff shortage, a lack of programming and extended lockdowns.[17]

Conditions of confinement are not enumerated as extraordinary and compelling reasons for compassionate release in the Sentencing Guidelines.[18] And, given that Ms. Joseph is no longer at FIC Dublin, those conditions do not constitute an extraordinary and compelling reason for Ms. Joseph's release from her current institution under the catchall provision. Additionally, the Court recognizes that Ms. Joseph's transfer was difficult and that she felt traumatized by the experience. However, district courts in the Ninth Circuit "have consistently concluded that general conditions that affect inmates indiscriminately throughout the prison are insufficient to support an individual defendant's claim for compassionate release."[19] It appears that all of the individuals moved from FCI Dublin to FCI Aliceville experienced the same conditions during their transfer. Finally, Ms. Joseph contends that FCI Aliceville is short staffed, lacks programming, and is frequently on lockdown. But these are also general

---

[16] Docket 293 at 4-6.

[17] Docket 293 at 7.

[18] *See* U.S. Sent'g Guidelines Manual § 1B1.13(b)-(d).

[19] *United States v. Slaughter*, Case No. CR13-359RSL, 2023 WL 5609339, at *4 (W.D. Wash. Aug. 30, 2023) (citation omitted) (collecting cases).

Case No. 3:20-cr-00011-SLG-MMS, *United States v. Joseph*
Order Re Motion for Reconsideration
Page 5 of 6
Case 3:20-cr-00011-SLG-MMS    Document 308    Filed 12/16/24    Page 5 of 6

conditions affecting all inmates in FCI Aliceville, and they are therefore insufficient to support Ms. Joseph's claim for compassionate release.

In sum, Ms. Joseph does not present reasons for release that are similar in gravity to the Sentencing Guidelines' enumerated extraordinary and compelling reasons for release.[20]

### IV. Section 3553(a) Factors

Because Ms. Joseph has not made a threshold showing of extraordinary and compelling reasons for a reduction in sentence, the Court need not determine whether the § 3553(a) factors weigh in favor of a sentence reduction.[21] The Court notes that the Probation Office recommended denying the instant motion after reviewing Ms. Joseph's current circumstances.[22]

In light of the foregoing, IT IS ORDERED that Ms. Joseph's Motion for Reconsideration at Docket 307 is **GRANTED** and that her Compassionate Release at Docket 293 is **DENIED**.

DATED this 16th day of December 2024, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[20] *See* U.S. Sent'g Guidelines Manual § 1B1.13(b)(5).

[21] "Although a district court must perform [the § 3582(c)(1)(A)] sequential inquiry before it *grants* compassionate release, a district court that properly *denies* compassionate release need not evaluate each step." *Keller*, 2 F.4th at 1284 (emphases in original) (disagreeing with the defendant that a district court must make an explicit "extraordinary and compelling" finding before denying a motion based on the § 3553(a) factors).

[22] Docket 305 at 2 (sealed).